FERNEDING, J.
This was an action by the administrator of Bertha E. Fields, deceased, to recover for wrongful death. The trial court instructed a verdict for the defendant below at the conclusion of the plaintiff’s testimony, and the plaintiff brings the case to this court on error.
The testimony in brief shows that the decedent, in company with Roy Cornwall, were traveling along the highway in a milk wagon drawn by a team of mules. Roy Cornwall was driving and the decedent was sitting on the floor of the wagon, with her vision somewhat obscured by the wagon itself.
They stopped about ten feet from the railroad track to permit a freight train to pass; thereupon the team was started, but the vision of the track was obscured by the steam and smoke of the train which had just passed. Cornwall claims to have looked for an approaching train, but admits he was unable to see any distance because of the smoke and steam. It is not very clear whether the decedent looked or listened for an approaching *349 train, but it is clear that she could have seen the smoke and steam had she looked and must therefore be charged with knowledge of the danger in going upon the track without waiting for the steam and smoke to clear away.
"We think the case of the Baltimore & Ohio Ry. v. McClellan, 69 Ohio St. 142 [63 N. E. 816], is decisive of this feature of the case. It is claimed, however, that the decedent being a guest was not charged with the negligence of the driver. Still, under the case of Toledo Ry. & L. Co. v. Mayers, 93 Ohio St. 304 [112 N. E. 1014], relied upon by counsel for plaintiff in error, she was bound to use due care, and such due care would include the duty of observing the dangerous condition of the crossing immediately in front of the wagon in which she was riding and charge upon her the duty of notifying the driver and requesting him to wait until the smoke and steam cleared away. This, the testimony shows, she did not do and was therefore guilty of negligence.
In addition, it fairly appears from the petition that Cornwall, the driver, and the decedent were engaged jointly in the particular enterprise at the time the fatal accident occurred. At least, the petition does not show that the decedent was merely a guest and without responsibility or control over the driving of the team.
Judgment affirmed.
Kunkle and Allread, JJ., concur.